**NATIONAL RAILROAD PASSENGER ASSOCIATION, Plaintiff,**

v.

**UNION STATION ASSOCIATES OF NEW LONDON, et al., Defendants.**

**Civ. A. No. 86–1278.**

United States District Court, District of Columbia.

July 28, 1986.

T. Michael Kerrine, Washington, D.C., for plaintiff.

Michael Evan Jaffe, Steven P. Ward, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on the motion to dismiss the amended complaint for failure to state a claim against them upon which relief can be granted of defendants Union Station Associates of New London, a Connecticut limited partnership (hereinafter USANL), and Anderson Notter Associates, Lepton Trust, and Allen M. Schultz (hereinafter the limited partner defendants). The amended complaint alleges that defendants breached a lease agreement with plaintiff for exclusive use of part of defendants' railroad facility, and that defendants constructively evicted plaintiff from the premises.

Defendant USANL argues that the amended complaint should be dismissed as to it because it is a partnership. Under Fed.R.Civ.P. 17(b), the capacity of a partnership to be sued is determined by the law of the state in which the district court sits unless the claim for relief concerns a substantive right under the Constitution or laws of the United States.

■ There is no provision of District of Columbia law which permits suit against a partnership in its common name. *Day v. Avery,* 548 F.2d 1018, 1022 (D.C.Cir.1976), *cert. denied,* 431 U.S. 908, 97 S.Ct. 1706, 52 L.Ed.2d 394 (1977). Therefore, unless this action involves a substantive right under federal law, defendant USANL must be dismissed from the suit. The Court finds that no such substantive right is involved.

■ It is true, as plaintiff argues, that the contract involved in this action was entered into pursuant to the authority vested in plaintiff by § 305(a) of the Rail Passenger Service Act of 1970, 45 U.S.C. § 545(a) (1982) which authorizes plaintiff to enter into contracts for, among other things, the use of physical facilities. While that provision authorizes plaintiff to enter into such contracts, a claim for relief should that contract subsequently be breached is a common law claim rather than one authorized or contemplated by the statute. The Court declines to extend the reach of Rule 17(b) in this instance beyond substantive rights arising out of federal statutes which are themselves claims for relief. *See, e.g., Day,* 548 F.2d at 1022, n. 11. Consequently, USANL is not a proper defendant in this action.

■ As for the limited partner defendants, normally only general partners are proper parties to proceedings by or against a partnership. D.C.Code § 41-226 (1981); *see also* Conn.Gen.Stat. § 34-15 (1977). Under D.C.Code § 41-207 "[a] limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business." *See also* Conn.Gen.Stat. § 34-15. Plaintiff, in its amended complaint, signed by counsel in accordance with Fed.R.Civ.P. 11, states only that the limited partner defendants are limited partners and does not make any allegations that they have acted in such a manner as to fall within § 41-207. Therefore, the Court agrees that the limited partner defendants are not proper defendants to this suit and grants defendants' motion to dismiss as to them. Accordingly, it hereby is

ORDERED, that the motion to dismiss the amended complaint as to defendant US-

ANL and the limited partner defendants is granted.

SO ORDERED.